JOHANNA GEARHART, Appellant, v. HERMAN STOUDER and FRANK BARNGROVER, Appellees.

Automobile accident:  CONTRIBUTORY NEGLIGENCE:  INSTRUCTION.  An
1  instruction in an action for personal injury that if the plaintiff by

her negligence contributed to her own injury she could not recover was not erroneous, because failing to also state that plaintiff's negligence could not be contributory unless the direct and proximate cause of the injury; as there was nothing in the instruction as given inconsistent therewith, and no more specific instruction was requested.

Same: NEGLIGENCE: EVIDENCE. The evidence in this case fails to show any negligence on the part of defendants in the operation of their automobile, at which plaintiff's horse took fright causing her injury.

*Appeal from Jasper District Court.*—HON. B. W. PRESTON, Judge.

THURSDAY, OCTOBER 23, 1913.

THIS is an action for damages for alleged negligence in the operation of an automobile whereby plaintiff's horse was frightened and whereby injury resulted to the plaintiff. There was a verdict for the defendant. The plaintiff appeals. —*Affirmed.*

*L. S. Kennington,* and *Clements & Clements,* for appellant.

*Ed. P. Malmberg,* for appellees.

EVANS, J.—In August, 1911, the plaintiff was driving west from Newton on the public highway with a single horse and buggy. As she came to the top of a hill, she observed the defendants in an automobile from sixty to one hundred feet distant, coming up the western slope of the hill. Her horse manifested some fear and stopped. He then began to back, and finally backed the buggy against a bank on the south side of the road. The plaintiff signaled the defendants to stop and also called for help. The defendant Stouder, who owned and operated the automobile, stopped the same within about one rod of the plaintiff's horse. Both defendants came

quickly to the rescue of the plaintiff by first taking the horse by the bit. The horse, however, backed the right wheel of the buggy in such a way as to break it. This resulted in plaintiff's falling out of the buggy, whereby she sustained a sprained ankle and some bruises to her limb. There was no collision with the automobile, nor did the horse run away, nor was there any failure on the part of the defendants to do all in their power to aid the plaintiff and to avoid accident. The jury found for the defendant.

The complaint on this appeal is that the trial court erred in the form of its instruction on the subject of contributory negligence. It is complained, also, that the trial court erred

1. AUTOMOBILE ACCIDENT: contributory negligence: instruction.

in rejecting certain evidence offered in rebuttal. There was some evidence tending to show contributory negligence. As the plaintiff came into view of the automobile, she turned to the left so far as to leave no room for the automobile to pass her on that side. The horse backed with the buggy cramped to the left. As he continued backing, the rear of the buggy was turned toward the south and then toward the west. When the horse was stopped he was facing east with the right hind wheel of the buggy against a bank on the south side of the highway. The action of the plaintiff in turning to the left may have caused momentary confusion to the defendant and necessitated some deflection of his course. The trial court instructed, in substance, that if plaintiff by her own negligence contributed to her own injury she could not recover. The complaint here is that the trial court failed to say to the jury that the plaintiff's negligence could not be contributory unless it was a direct and proximate cause of her injury. This would be a mere matter of emphasis and specification. There was nothing in the instruction inconsistent therewith. The plaintiff did not at the time ask for a more specific instruction than that given.

We may as well say here that we fail to find in the record a scintilla of evidence tending to show any negligence on the

part of the defendants or either of them. The plaintiff volun-
tarily dismissed her case against Barngrover.

**2. SAME:**
**negligence:**
**evidence.**

She should have pursued the same course as
to Stouder. As to whether the evidence which
was rejected on rebuttal ought to have been received, we
need not consider. It was proposed thereby to show an
admission by Stouder that he had observed plaintiff's signal
to him to stop. If the evidence had been received, it could
not have saved the plaintiff's case.

The judgment below must therefore be *Affirmed.*

WEAVER, C. J., and LADD and GAYNOR, JJ., concur.